■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. MARGARET T. CARDINALE, Respondent, v. FRANK CARDINALE et al., Appellants.— STALEY, JR., J. Appeal from a judgment of the Family Court of Greene County which sustained a writ of habeas corpus and awarded custody of Joseph Cardinale, an infant, to petitioner-respondent and directed the appellant Frank Cardinale to pay counsel fees to petitioner. Involved on this appeal is the question of custody of the three-year-old son of Margaret T. Cardinale petitioner, and Frank Cardinale respondent. The parents were married in the State of North Carolina on January 3, 1964 and shortly thereafter moved to Albany, New York, where the infant son was born on June 30, 1964. The parents resided together in Albany with intermittent separations until August, 1965 when the petitioner commenced a trip to Florida to give birth to their second child. When she arrived at Norfolk, Virginia, she visited her sister and the baby was prematurely born at Norfolk on August 17, 1965. While petitioner was in the

hospital, her husband briefly visited the hospital to see his daughter, and then took Joseph home with him to Albany where they resided at the home of the appellant's parents up to the time of this proceeding. The petitioner lives in Miami, Florida with her daughter in a furnished apartment, and is employed as a secretary with hours from 9:00 A.M. to 5:30 P.M. earning $100 per week. She has provided adequate baby care for the infant daughter during her working hours. There is no contention that either parent is unfit to have custody of their son. The trial court also received County Welfare Department reports from the State of Florida relative to petitioner, and from the Greene County Welfare Department relative to respondent. The award of custody of the son to the petitioner mother by the trial court is fully supported by the record and, under the circumstances here, she can more adequately serve the child's best interests. (*Ullman* v. *Ullman,* 151 App. Div. 419; *People ex rel. Pritchett* v. *Pritchett,* 1 A D 2d 1009, affd. 2 N Y 2d 947; *People ex rel. Glasier* v. *Glasier,* 2 A D 2d 289.) The award of counsel fees to the petitioner was a proper exercise of the trial court's discretion. (Domestic Relations Law, § 237, subd. [b]; *People ex rel. Shapiro* v. *Shapiro,* 20 A D 2d 860.) Judgment affirmed, without costs. Herlihy, P. J., Reynolds, Aulisi, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Staley, Jr., J.